FILED
2020 Jul-31 PM 01:46
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **REBECCA PERSONS,** | ) |
| | ) |
|    **Claimant,** | ) |
| | ) |
| vs. | )    **Civil Action No. 2:19-cv-01680-CLS** |
| | ) |
| **ANDREW SAUL, Commissioner,** | ) |
| **Social Security Administration,** | ) |
| | ) |
|    **Defendant.** | ) |

## MEMORANDUM OPINION AND ORDER

Rebecca Persons commenced this action, pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner of the Social Security Administration, affirming the decision of the Administrative Law Judge ("ALJ") and, thereby, denying her claim for disability and disability insurance benefits.[1]

The court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of review is limited to determining whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and whether correct legal standards were applied. *See Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Tieniber v. Heckler*, 720 F.2d 1251, 1253

---

[1] Doc. no. 1 (Complaint).

(11th Cir. 1983).

Claimant contends that the Commissioner's decision is neither supported by substantial evidence nor in accordance with applicable legal standards. Specifically, claimant asserts that the ALJ failed to give appropriate weight to the opinions of claimant's treating physicians, failed to explain the weight given to a functional capacity evaluation performed by an occupational therapist, and made findings regarding claimant's residual functional capacity that were incomplete and unsupported by substantial evidence.[2] Claimant further asserts that these errors are legal ones and, therefore, require reversal, rather than remand.[3] Upon review of the record, the court concludes that those contentions lack merit, and the Commissioner's ruling is due to be affirmed.

Claimant seeks disability insurance benefits and, therefore, has the burden of proving she was disabled on or before her date last insured, December 31, 2015.[4] *See* 42 U.S.C. §§ 423(a), (c); 20 C.F.R. §§ 404.101, 404.130, 404.131; *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). Because the ALJ's decision was made after the date last insured, the inquiry was relevant only to the period between

---

[2] Doc. no. 12 (Brief in Support of Disability), at 2-3.

[3] *Id.* at 1 (citing *Lamb*, 847 F.2d at 701 ("Failure to apply the correct legal standards is grounds not for remand, but for reversal.").

[4] *See* Tr. 17 ("The claimant's earning record shows that the claimant has acquired sufficient quarters of coverage to remain insured through December 31, 2015 (hereinafter 'the date last insured.').").

2

claimant's onset date (January 11, 2015) and her date last insured (December 31, 2015).[5] *See Moore*, 405 F.3d at 1211.

Claimant first argues that the ALJ erred in giving inappropriate weight to the opinions of her treating physicians, Ashlee Fulmer, M.D., and Matthew Berke, M.D.[6] The opinion of a treating physician "must be given substantial or considerable weight unless 'good cause' is shown to the contrary." *Phillips v. Barnhart*, 357 F.3d 1232, 1240-41 (11th Cir. 2004) (internal citations omitted). Good cause exists when "(1) [the] treating physician's opinion was not bolstered by the evidence; (2) [the] evidence supported a contrary finding; or (3) [the] treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Id.*

First, the Commissioner correctly notes that both claimant and the ALJ mistakenly attribute the questions answered in a letter dated February 26, 2018 to Dr. Fulmer.[7] That letter is clearly signed by Dr. Berke and dated April 2, 2018.[8] Accordingly, it was likely completed and submitted simultaneously with the attached medical source statement correctly attributed to Dr. Berke by both claimant and the ALJ.[9] These two statements opine that claimant would likely miss two days per

---

[5] Tr. 21.

[6] Doc. no. 12 (Brief in Support of Disability), at 3-9.

[7] *See* doc. no. 13 (Brief in Support of Commissioner), at 14.

[8] Tr. 1428.

[9] *See* Tr. 1426-32.

3

month due to her condition, she would require frequent breaks, she would be unable to climb stairs, balance, stoop, kneel, crouch, or crawl, she could only occasionally lift over ten pounds, and she could only maintain an acceptable work posture of sitting, standing, or walking for six hours out of an eight hour workday.[10] With regard to these opinions, the ALJ stated:

> Partial weight is afforded to Drs. Berke and Fulmer. While that [*sic*] did not specify the time frame for the proposed limitations, there are [*sic*] opinions are somewhat persuasive. They are medical experts and have had the opportunity to treat the claimant. They have also reviewed the claimant's medical history. Further, they did not provide a detailed analysis to support the limitations. The undersigned relied on the overall evidence in preparing the decision.

Tr. 23 (alterations supplied). This finding by the ALJ does not appropriately demonstrate "good cause" for assigning less than substantial weight to claimant's treating physicians. Nevertheless, this court finds such error was harmless because the opinions did not relate back to the period of disability in question. In fact, the assessments were made over two years after claimant's date last insured, and the record reflects that Dr. Berke did not begin treating claimant until June 9, 2016, over five months after claimant's date last insured.[11] Because these opinions did not relate back to 2015, they cannot be used to demonstrate that claimant was disabled during

---

[10] *Id.*

[11] *See* Tr. 313-16 (Notes from June 9, 2016 Visit to Dr. Berke).

the relevant period.

Next, claimant argues that the ALJ inappropriately failed to assign weight to the opinion of David Bledsoe, an occupational therapist who submitted a Functional Capacity Evaluation Report on behalf of claimant on March 8, 2018.[12] Opinions from occupational therapists fall into the category of "other" medical sources who are not considered "acceptable medical sources."  *See* SSR 06-03P, 2006 WL 2329939 (2006).  "Opinions from these medical sources . . . are important and should be evaluated on key issues such as impairment severity and functional effects, along with the other relevant evidence in the file."  *Id.*  Additionally, the ALJ "generally should explain the weight given to opinions from these sources or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning, when such opinions may have an effect on the outcome of the case."  20 C.F.R. § 404.1527(f)(1).

In this case, Mr. Bledsoe opined that claimant's "requirement of daily narcotics (Nucynta), impaired movement quality (limited standing and walking) and the need to recline throughout the day prevent the ability to perform any full time work," and placed her at a rate below the sedentary level.  Tr. 1422.

In her decision, the ALJ stated:

---

[12] *See* Tr. 1422-24.

>As for the opinion evidence, Mr. Bledsoe, an occupational therapist, completed a functional capacity evaluation report on March 8, 2018. He recommended that the claimant perform work at the sedentary level of exertion (Exhibit 19F). Mr. Bledsoe is not accepted medical source. Therefore, a formal opinion is not warranted. In addition, he completed a recent examination of the claimant, which was outside of the relevant time frame.

Tr. 23. This explanation does not meet the standard for explaining the weight given to opinions from "other" sources because the ALJ failed to explain the amount of weight, if any, given to Mr. Bledsoe's opinion. The error is harmless, however, given that Mr. Bledsoe examined claimant over two years after her date last insured and, therefore, cannot be used to demonstrate claimant was disabled during the relevant period in 2015.

Finally, claimant argues that the ALJ's residual functional capacity ("RFC") finding was not supported by substantial evidence.[13] Specifically, claimant argues that the hypothetical questions posed to the vocational expert must comprehensively describe claimant's impairments and, here, the ALJ failed to include any mentions of claimant's pain in her hypothetical questions to the vocational expert or in her final RFC assessment.[14] *See Pendley v. Heckler*, 767 F.2d 1561, 1562-63 (11th Cir. 1985) (reversing where vocational expert was not asked to consider all of claimant's severe

---

[13] *See* doc. no. 12 (Brief in Support of Disability), at 9-12.

[14] *See id.* at 9-10.

6

impairments). Additionally, claimant argues that the ALJ did not consider how claimant's pain might affect her ability to work mentally, not just physically.[15]

The Commissioner responds that the ALJ discussed all of the findings of physical limitations in the RFC assessment in her decision, including noting claimant's reported pain levels at each of her appointments in which such an assessment was made.[16] Additionally, the Commissioner notes that claimant now asserts that her pain might cause non-exertional limitations, *i.e.*, affect her ability to concentrate, or follow instructions.[17] Previously, however, claimant has made no claims that her impairments affect her memory, ability to complete tasks, concentration, understanding, or ability to follow instructions.[18] Therefore, this court agrees that the ALJ appropriately did not instruct the vocational expert to consider any non-exertional effects of claimant's pain, and appropriately did not consider any such effects in her RFC assessment.

Based on the foregoing, the court concludes that the ALJ's decision was based upon substantial evidence and in accordance with applicable legal standards. Accordingly, the decision of the Commissioner is AFFIRMED. Costs are taxed

---

[15] *See id.* at 11-12.

[16] *See* doc. no. 13 (Brief in Support of Commissioner), at 6-10. *See also* Tr. 21-22.

[17] *See* doc. no. 13 (Brief in Support of Commissioner), at 11.

[18] *See* Tr. 169.

against claimant. The Clerk is directed to close this file.

**DONE** and **ORDERED** this 31st day of July, 2020.

_____
Senior United States District Judge